UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

LARRY WILLIAMS,

        Plaintiff,

  -against-                    **MEMORANDUM AND ORDER**
                                     14-CV-05876 (FB)
CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

---------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                         *For the Defendant:*
WENDY BRILL, ESQ.              KELLY T. CURIE, ESQ.
150 E. 69th Street                     Acting United States Attorney
New York, NY 10021               JASON P. PECK, ESQ.
                                                Assistant United States Attorney
                                                Eastern District of New York
                                                271 Cadman Plaza East
                                                Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Larry Williams ("Williams") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits under the Social Security Act. Both parties move for judgment on the pleadings. For the following reasons, the Court grants Williams' motion insofar as the case is remanded for further proceedings. The Commissioner's motion is denied.

**I.**

On December 2, 2010, Williams filed an application for Disability Insurance Benefits. Williams alleged disability as of August 28, 2009, from lumbosacral pain and sarcoidosis. After the Social Security Administration denied his application, Williams had a hearing before an Administrative Law Judge ("ALJ") on May 30, 2012.

In a written decision issued on February 21, 2013, the ALJ concluded that Williams was not disabled. Applying the familiar five-step evaluation process,[1] the ALJ first determined that Williams had not engaged in substantial gainful activity since he was laid off on December 2, 2010.[2] Second, the ALJ found that he suffered from degenerative disc disease of his lumbar spine and sarcoidosis, which the ALJ also found to be severe impairments. Third, the ALJ determined that his impairments did not meet

---

[1]Social Security Administration regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, [] (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant in the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater,* 221 F.3d 126, 132 (2d Cir. 2000).

[2]The ALJ in her decision asserts that Williams has not engaged in substantial gainful activity since December 2010; however, as the record demonstrates, Mr. Williams' last day of substantial gainful activity was in December 2009. *See e.g.* AR 40, 42, 57, 139

2

or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listing"). Next, the ALJ found that Williams had the residual functional capacity ("RFC") to perform light work with the following restrictions:

> (i) lifting no more than 20 pounds at a time, with frequent lifting or carrying objects weighing up to 10 pounds permitted;
>
> (ii) standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday, engaging occasionally in postural activities;
>
> (iii) sitting occurring intermittently during the remaining time of the 8-hour workday; and
>
> (iv) avoiding exposure to extreme temperatures.

AR 24.[3] Applying that RFC to the remaining steps, the ALJ ruled that Williams was unable to perform his past relevant work as a tire technician but was able to perform other work that exists in significant numbers in the national economy.

The Appeals Council subsequently denied Williams' request for review, rendering final the Commissioner's decision to deny benefits. He timely sought judicial review.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004).

---

[3] All citations to "AR" are to the Administrative Record.

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart,* 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)).

First, Williams argues that the ALJ should have found his impairments met or medically equaled § 1.04A of the Listings. Second, he contends that the ALJ's RFC finding is flawed because it failed to accord proper weight to the opinion of his treating physician and is not based on substantial evidence. Third, he insists that the ALJ improperly evaluated his credibility. Finally, Williams insists that the ALJ improperly relied on flawed VE testimony. The Court will address each argument in turn.

## A. Listing § 1.04A

In her decision, the ALJ noted summarily that Williams does not meet a Listing because he does not have motor loss. However, the ALJ failed to specifically address his medical conditions and symptoms. A claimant is entitled to a conclusive presumption that he is disabled if he can show that his disorder results in "compromise of a nerve root or the spinal cord, and evidence of [1] nerve root compression characterized by neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, [4] positive straight-leg raising test." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04A. Additionally, for loss of function, such as motor loss, the

claimant must show an inability to ambulate effectively on a sustained basis[4] and pain related to the underlying impairment. *Id.* at § 1.00B2.

The record demonstrates Williams suffered "lumbosacral radiculopathy," noting "evidence of nerve root compression characterized by neuro-anatomic distribution of pain and limited motion of the spine." He suffers from disc degeneration in the L3-L4 disc, as well as annular bulges, congenital fusion in the C5-C6 vertebrae, multi-level degenerative changes in the spinal canal and neurofaminal stenosis. Williams' severe pain is well-documented in the record. Examining physicians have also noted his walking difficulty; his need for a cane; as well as numbness. And there is evidence of positive straight-leg raise tests.

Williams spends every day in bed with pillows propped behind his back to avoid pain. He does not cook–his girlfriend leaves his day's food on the bed for him—and cannot walk to the bathroom. He uses a cane for balance and cannot walk more than half a block.

Ostensibly, the ALJ relied solely upon one examining doctor's report. It was improper for the ALJ to discredit half of the record in making her Listing determination. *See Lopez v. Sec'y of Dept. Of Health and Human Services*, 728 F.2d

---

[4]An inability to ambulate effectively includes an extreme limitation in the ability to walk, such as an inability to walk a block at a reasonable pace on rough or uneven surfaces, or the inability to carry out routine activities such as shopping or banking. § 1.00B2b(2).

148, 150-51 (2d. Cir. 1984) ("We have remanded cases where it appears that the ALJ has failed to consider relevant and probative evidence which is available to him."); *see also* 20 C.F.R. §404.1520. Williams has degrading spinal conditions, difficulty walking, and sarcoidosis, which impacts his breathing. In the face of this evidence, the ALJ was obligated to explain, in detail, her rationale for finding that Williams' impairments did not meet or medically equal Listing §1.04A. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).

Remand is required. *See Radford v. Colvin*, 734 F.3d 288, 293-94 (4th Cir.2013) (remanding back to ALJ with instructions to clarify why Radford did not meet a Listing). The ALJ should consider all of the evidence and provide a detailed explanation for her findings at this stage of the sequential evaluation.

## B. Other Issues

Even though the Court remands on the § 1.04A Listing issue, it also addresses other concerns with the ALJ's decision in order to mitigate the prospect of an additional appeal.

### *1. Residual Functional Capacity*

The ALJ has a duty to make a detailed assessment of a claimant's abilities when determining his RFC. Social Security Regulation 96-8p. Williams argues that the ALJ did not accord proper weight to Dr. Byun's opinions. Although the ALJ did not violate

the treating physician rule,[5] the ALJ's RFC determination is not supported by substantial evidence.

The ALJ essentially adopted the form recommendation of Dr. Lefebevre, a non-medical professional known in Social Security terminology as a single-decision maker ("SDM"). An SDM is not a medical professional; therefore, an RFC assessment from such an individual cannot, standing alone, constitute substantial evidence. *See Charles v. Colvin*, No 13-cv-03432, 2014 WL 4425796, at *3 (E.D.N.Y. Sept. 10. 2014) (Block, J.) ("an RFC assessment from [an SDM] is entitled to no weight as a medical opinion." (internal quotations omitted)).

Moreover, the ALJ must make an individual assessment of a claimant to identify "functional limitations or restrictions and assess his...work-related abilities on a function-by-function basis." Social Security Regulation 96-8p. Here, the ALJ based her RFC almost exclusively upon the standardized form prepared by Dr. Lefebevre.

The ALJ should be mindful on remand that her RFC determination should accord proper weight to the various medical records relating to Williams' capabilities.

---

[5] A treating source's opinion regarding a claimant's RFC–as opposed to the nature and severity of a claimant's impairment–is not entitled to controlling weight. *See* 20 C.F.R. § 416.927(d)(2) ("Although we consider opinions from medical sources on issues such as...your [RFC]...the final responsibility for deciding these issues is reserved for the Commissioner.") As such, the ALJ did not violate the treating physician rule because she retained final authority over the RFC determination.

*2. Credibility*

To evaluate credibility, an ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce his symptoms and second, evaluate the intensity, persistence and limiting effects of those symptoms. *See* 20 C.F.R. §404.1529(b)-(c). The ALJ must provide specific reasons for the credibility determination, supported by evidence in the case record. *See* Social Security Regulation 96-7p.

Notably, an ALJ must consider seven factors when a claimant's subjective complaint suggests greater severity than can be shown by objective medical evidence.[6] The ALJ improperly applied these factors. The ALJ found that although "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms[]...the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 23.

The ALJ noted Williams' lapse in treatment from November 2011 through September 2012, and emphasized that he had not attended physical therapy or pain

---

[6]The seven factors set forth in the SSA regulations include: (i) claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating or aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (v) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (vi) any measures the claimant uses or has used to relieve pain or other symptoms; and (vii) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

management as requested by his physician. The medical records show that he did not have insurance during that period. *See* AR 369. Further, the ALJ attributes significance to Williams' ability to maintain stable back pain without the use of medication, but this discounts the full record. Williams is a recovering drug addict. He refuses pain medication because of his former addiction. *See Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008) ("the ALJ "must not draw any inferences" about a claimant's condition from this failure [to seek treatment] unless the ALJ has explored the claimant's explanations as to the lack of medical care." (Citing 20 C.F.R. §1529(c)(1)).

Moreover, it is improper to fault a plaintiff's credibility because he fails to pursue prescribed health treatment. *See Myles v. Astrue*, 582 F.3d 672, 677 (7th Cir. Sept. 9, 2009) ("The ALJ was required by Social Security Rulings to consider explanations for instances where Myles did not keep up with her treatment."); *cf.* Social Security Regulation 96-7 at *8 (Inability to pay for medication or negative side effects from medication may excuse failure to pursue treatment.).

### 3. *Vocational Expert*

Williams argues that the ALJ improperly relied on vocational expert testimony in determining that he is capable of light work with occasional postural activities and thus can perform other work that exists in significant numbers in the national economy. As discussed above, the RFC determination is not supported by substantial evidence. On remand the ALJ should review the weight it gave the testimony of vocational expert

Andrew Vaughn. *See Sanders v. Comm'r of Soc. Sec.*, 506 Fed.App'x 74, 78 n.5 (2d Cir. 2012) ("[S]ince the vocational expert's testimony relied on a RFC that is not supported by substantial evidence, on remand the Commissioner is directed to re-assess the weight it gave to the testimony of the vocational expert....").

## III.

For the foregoing reasons, Williams' motion is granted insofar as the case is remanded for further proceedings, and the Commissioner's motion is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 30, 2015